# United States District Court
# District of Massachusetts

THE COMMONWEALTH
    OF MASSACHUSETTS,

    V.                                              CIVIL ACTION NO. 2003-11865-PBS

MYLAN, INC.,
MYLAN PHARMACEUTICALS, INC.,
SCHERING-PLOUGH CORPORATION,
SCHERING CORPORATION,
WARRICK PHARMACEUTICALS CORP.,
SCHEIN PHARMACEUTICAL, INC.,
PAR PHARMACEUTICALS, INC.,
          Defendants.[1]


# MEMORANDUM AND ORDER ON MOTION TO COMPEL PRODUCTION OF ALL DOCUMENTS RELATING TO U&C WITHHELD ON THE BASIS OF THE ATTORNEY-CLIENT PRIVILEGE OR THE WORK PRODUCT DOCTRINE (#741)

---

[1] The Court lists only the defendants against whom claims remain outstanding.

COLLINGS, U.S.M.J.

The issue raised by the defendants'[2] motion to compel involves the application of Rule 502 of the Federal Rules of Evidence, a rule which has been in effect for just short of two years. By its terms, Rule 502 "...appl[ies], in the circumstances set out, to disclosure of a communication or information covered by the attorney-client privilege or work-product protection" and provides, in pertinent part:

> **(a) Disclosure made in a Federal proceeding or to a Federal office or agency; scope of a waiver.**--When the disclosure is made in a Federal proceeding or to a Federal office or agency and waives the attorney-client privilege or work-product protection, the waiver extends to an undisclosed communication or information in a Federal or State proceeding only if:
>
> (1)  the waiver is intentional;
>
> (2)  the disclosed and undisclosed communications or information concern the same subject matter; and
>
> (3)  they ought in fairness to be considered together.

(Pub.L. 110-322, § 1(a), Sept. 19, 2008, 122 Stat. 3537.)

---

[2] Those defendants being Schering-Plough Corporation, Schering Corporation and Warrick Pharmaceuticals Corporation; hereinafter, they are denoted collectively as "the defendants."

In the instant case, the plaintiff Commonwealth of Massachusetts (hereinafter, "the Commonwealth") has made a disclosure of "information covered by the attorney-client privilege or work-product protection" in a "Federal proceeding," i.e., the instant case, and the disclosure was "intentional."

There is no dispute between the parties that in these circumstances, there has been a waiver of "undisclosed ... information [which] concern[s] the same subject matter." The dispute is over the definition of the "same subject matter." The Commonwealth argues for a narrow definition of that term; the defendants seek a very broad definition.

There are two topics to consider. Counsel devoted far more argument to the first topic than to the second.

As to the first topic, according to the Commonwealth, the documents disclosed refer to whether the pharmacy chain CVS had to consider Maximum Allowable Costs (MAC) prices when setting U & C prices for generic drugs. The defendants have contended that the Commonwealth has acquiesced in CVS' position that it did not have to consider MAC prices when setting U & C prices for generic drugs. The Commonwealth asserts that it will use the disclosed documents at trial only to refute defendants' contention that there has been acquiescence. The documents relate to one Arnold Shapiro, who was then the

Pharmacy Program Manager for the Division of Medical Assistance for the Commonwealth, and has since passed away.  Thus, the Commonwealth argues that its waiver is limited "...to all of the documents in its possession related to Shapiro," (#743 at 1).

The defendants on the other hand argue that Arnold Shapiro is not a "subject matter."  The defendants argue that the subject matter is the Commonwealth's knowledge of pharmacies' systematic noncompliance with the U&C regulation.

In addition, there is a dispute over the third requirement contained in Rule 502(a)(3), Fed. R. Evid., i.e., how much of the subject matter must be disclosed "in fairness."  In other words, once the subject matter has been defined, how much information within that category must be disclosed because "in fairness," it should be "considered" along with what has been disclosed?

After two hearings, the Court defines the subject matter as all documents otherwise protected by the attorney-client privilege and/or the work product doctrine relating to (1) whether CVS was complying or not complying  (or correctly or incorrectly applying) the U & C (or MFN) regulations to generic drugs, including whether CVS was excluding MAC prices in setting the U & C prices for generic drugs, and (2) whether the Commonwealth did or did not

acquiesce in the position taken by CVS *vis-a-vis* the application of the U & C regulations to generic drugs. I rule that the waiver is no broader than this.

Further, the Court rules that the above-specified category of documents should, "in fairness," be considered along with the three documents which have been revealed. Rule 502(a)(3), Fed. R. Evid. The Court further rules that no broader category of documents should, "in fairness," be considered along with the three disclosed documents.

The second topic which is mentioned in the documents released is what the Commonwealth's position was regarding capitated, risk-sharing contracts and the U & C. The Commonwealth asserts that its position was that such contracts should not be considered in setting the U & C. This subject matter was not confined to CVS although the issue seems to have arisen as a result of such a contract entered into by CVS with Harvard Pilgrim and Pharmacare. So far as the Court can discern, this issue arose in the 1995-1998 time frame and resulted in the policy statement in 1998 that the Commonwealth would not consider the payment amount provided for in such contracts to constitute the U & C price. The Court is unsure of what use the Commonwealth plans to make of this material at trial. But there has been a waiver by the disclosure of

materials protected by either the attorney-client privilege or the work product doctrine and the Court must determine the scope of the waiver.

The Court rules that there has been a waiver of all documents generated between 1995 and the end of 1998 which otherwise would be protected by the attorney-client privilege or the work product doctrine which concern the formulation and enforcement of any policy which the Commonwealth had as to whether the payment amount provided for in capitation and risk-sharing contracts would be permitted to constitute the U & C price.

Further, the Court rules that the above-specified category of documents should, "in fairness," be considered along with two of the three sets of documents[3] which have been revealed. Rule 502(a)(3), Fed. R. Evid. The Court further rules that no broader category of documents should, "in fairness," be considered along with the two sets of disclosed documents.

Accordingly, the Commonwealth is ORDERED, pursuant to Rule 37(a)(2), Fed. R. Civ. P., to produce all documents contained within the subject matter categories specified, *supra,* **on or before the close of business on Monday, July 12, 2010.**

---

[3] The issue of capitation and risk-sharing contracts is not mentioned in the first of the three sets of documents.

/s/ Robert B. Collings
ROBERT B. COLLINGS
United States Magistrate Judge

June 21, 2010.